24 C.C.P.A.(Patents)

## In re STACK.

### Patent Appeal No. 3715.

Court of Customs and Patent Appeals.
Jan. 25, 1937.

Austin & Dix, of New York City (Albert M. Austin, of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant filed in the United States Patent Office an application for a patent for "Improvements in Silver-Tin Base Dental Alloys." Certain claims, drawn to the composition, were allowed. The Primary Examiner rejected claims 3 and 4 on the ground that they are method claims which do not "cover a proper process." Upon appeal, the Board· of Appeals affirmed the said rejection for the same reason, and from its decision appellant has appealed to this court.

The two appealed claims read:

"3. In manufacturing a comminuted silver-tin base dental alloy which upon amalgamation with mercury exhibits a predetermined degree of expansibility, the improvement which comprises increasing the ratio of silver to tin· in the outer portions of the comminuted alloy particles to such degree that sufficient silver will be available upon amalgamation with mercury to form the proper amount of $H_3Ag_4$ necessary to effect the predetermined degree of expansibility.

"4. In the manufacture of silver-tin base dental alloys, the method of rendering such alloys capable of expanding a definite, predetermined degree upon amalgamation with mercury which comprises subjecting the alloy particles in comminuted form to a chemical treatment adapted to alter the composition of the exterior portions of said particles in such manner that the ratio of silver to tin in the exterior portions of the alloy particles is greater than the ratio of silver to tin in the interior portions of the alloy particles."

No references were cited against the appealed claims, but the rejection of both tribunals below was, as before stated, on the ground that the claims do not cover a proper process, being too broadly drawn.

The application relates particularly to the production of dental alloys of a silver-tin base which, when amalgamated with mercury, will expand within certain desired, definite, and predetermined limits, and will thereafter maintain the same degree of expansibility. No doubt, claim 3 was intended to cover broadly the method of producing such an alloy. As defined by the claim, the method consists in increasing the ratio of silver to tin in the outer portions of the comminuted alloy particles to such a degree that enough silver will be available, when subjected to amalgamation with mercury, to form the proper amount of silver amalgam to bring about the predetermined degree of expansibility. Claim 4 is somewhat narrower in scope, in that it specifies that the aforesaid ratio should be increased by a chemical treatment.

The examiner in rejecting the appealed claims stated that:

"The two appealed claims are in the form of a method. Claim 3 calls for only the single method step of increasing the ratio of silver to tin in the outer portion of the particles.

"Claim 4 is slightly more specific in language and covers the single step of subjecting the particles to a chemical treatment for the same purpose.

"Neither of these claims cover any definite method but as broadly as drawn, cover all methods of accomplishing a result. In other words, these claims cover a result without stating how to obtain such result. They state a problem without stating how to solve it."

The board in rejecting claim 3 stated that the step mentioned therein did not specify any particular way of increasing the ratio of silver to the tin near the surface and that, "If it is desired to make the alloy specified in claim 1 [allowed], it would be obvious to increase the ratio of silver to tin in the outer portions in some manner," and cited Ex parte Trevette, 1901 C.D. 170, and the decisions therein cited.

In rejecting claim 4, involving "chemical treatment," the board said: " * * * However, 'chemical' treatment is such a broad term that it is not regarded sufficiently definite to make this claim allowable. It is also regarded broadly as an obvious way of producing the alloy specified in allowed claim 1 and therefore claim 4 also falls under the Trevette decision."

Speaking of both rejected claims the board said: " * * * A proper method claim should specify more than merely the broad conception of obtaining a certain result. It should specify the necessary step or steps by which the result is accomplished. We do not regard the appealed claims as being sufficiently definite in this respect, and hence are not patentable. This is perhaps only another way of expressing the thought of the examiner when he states that applicant should not be allowed a method claim of this broad scope."

Appellant contends that in producing the article claimed in the allowed claims it is not obvious to follow the process outlined in claim 3, and bases this statement on the alleged fact that "though known to the trade that the particles have a certain composition it has not been obvious that this is accomplished by increasing the ratio of silver to the other elements in the exterior portion."

As to claim 4, appellant contends that since he is the first person to have accomplished the result sought, he is entitled to a broad claim to any method of chemical treatment which accomplishes the result, and cites the case of Byron Weston Co. v. L. L. Brown Paper Co. (D.C.) 20 F.(2d) 183, 184, which involved a claim, the validity of which was not questioned and which reads: "2. The method herein described of manufacturing paper having a thinned portion, which consists in removing from the web at the portion to be thinned, along a defined line, some of the material by the application of air pressure thereto."

Appellant contends that said last above-quoted claim covers broadly the method of manufacturing paper, having a thinned portion, by the use of air pressure, and that claim 4 on appeal here is of no greater breadth.

■ We are in agreement with the decision of the Board of Appeals. Appellant's contention is to the effect that since he is the first person producing a silver-tin base dental alloy having the characteristics set forth in the claims, he is entitled to all methods (even though claimed only in terms defining the desired results) for producing the same. This position is, of course, without merit. If his alloy is new and useful and if it required inventive genius to produce it, under ordinary circumstances he would be entitled to a patent on the article. He also would be entitled to a patent for a new, useful, and inventive method of producing the article. But some one else who discovers a different method inventive in character might also be entitled to a patent.

■ Claim 3 is not a proper method claim. It should do more than merely state a broad conception of the problem—a statement of the result desired. It should specify the necessary step or steps by which the result is accomplished. Appellant's specification states how he accomplishes his result by detailing the steps which he employs in doing so. As far as this record shows, no claim based upon such method has been submitted.

■ Claim 4 is subject to the same general objection, inasmuch as no proper method steps are recited. Although an applicant may be the first to produce an article involving a chemical treatment in its production, he is not entitled to a monopoly of all methods in which chemical treatment may be involved, and, under such circumstances, the term "chemical treatment" does not lend patentability to a claim which does not define what constitutes the chemical treatment.

As to the validity of the claim set out above, which was involved in Byron Weston Co. v. L. L. Brown Paper Co., supra, we express no opinion, but, regardless of its validity, it should be at once apparent that the claim is a very different one from either of the ones at bar.

The decision of the Board of Appeals is affirmed.

Affirmed.